**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| HECTOR IVAN SALAS CARDIEL,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 2:26-cv-02297-RFB-NJK<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Hector Ivan Salas Cardiel's First Amended Petition (ECF No. 9) [hereinafter, "Petition"]. Through his petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants Mr. Salas Cardiel's Petition, ordering his immediate release.

## I. DISCUSSION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

On August 11, 2026, this Court ordered Federal Respondents to file a response certifying the true cause of Petitioner's detention—*i.e.*, the "specific statutory provision" that authorizes Mr. Salas Cardiel's detention. See Order to Show Cause, ECF No. 10. On August 18, 2026, Petitioner filed a notice of Respondents' non-response to the Court's August 11, 2026, Order, see ECF No. 11, and that same day, Respondents filed a retroactive motion to extend time to respond due to their mis-calendaring of the deadline, see ECF No. 12. Later that day, Federal Respondents filed a Supplemental Notice Regarding Class Membership ("Supplemental Notice"). See ECF No. 13. In that Supplemental Notice, Federal Respondents assert the following:

> Section 1226(c) governs Petitioner's custody and potential entitlement to a bond hearing. Section 1226(c)(1)(B) requires mandatory detention if a noncitizen commits an offense that would render him removable under Section 1227(a)(2)(A)(ii). **In turn, Section 1227(a)(2)(A)(ii) renders an alien deportable if, at any time after admission, the alien is convicted of multiple crimes involving moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(ii).**
>
> In this case, on April 3, 2025, Petitioner was convicted in the District Court Clark County, Las Vegas, Nevada of discharging a firearm into occupied structure, vehicle or craft and was sentenced to a sentence of minimum of 19 months and a maximum of 60 months in prison. *See* ECF No. 8-1. **As such, this conviction renders Petitioner subject to mandatory detention under 8 U.S.C. section 1226(c)(1)(B) and removable under 8 U.S.C. section 1227(a)(2)(B).**

Fed. Resp'ts' Supp. Notice Regarding Class Membership, ECF No. 13 at 3 (August 18, 2026) [hereinafter, "Supp. Notice"] (emphasis added). Notably, it is unclear whether Federal Respondents are asserting that Petitioner is subject to detention under 8 U.S.C. § 1226(c)(1)(B) because he is removable under 8 U.S.C. § 1227(a)(2)(A)(ii) or 8 U.S.C. § 1227(a)(2)(B). However, neither of these removability provisions are applicable to Petitioner.

As a preliminary matter, the Court need not—indeed, it would be improper to—inquire as to whether Petitioner can be removed under the INA. This is a habeas petition, *i.e.*, a challenge to the Petitioner's *detention*—specifically, a challenge to the government's legal authority to detain Mr. Salas Cardiel. Therefore, it is incumbent upon the government to identify which statutory provisions, if any, justify Petitioner's detention. Accordingly, the Court need only determine whether, on the face of their pleadings, the government has asserted statutory provisions that properly authorize Petitioner's current detention. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")). They have not.

8 U.S.C. § 1227(a)(2)(A)(ii) states that a noncitizen "who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable." 8 U.S.C. § 1227(a)(2)(A)(ii). In contrast, 8 U.S.C. § 1227(a)(2)(B) states that a noncitizens "who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable[,]" as well as any noncitizen "who is, or at any time after admission has been, a drug abuser or addict is deportable." 8 U.S.C. § 1227(a)(2)(B)(i)–(ii).

The only conduct alleged by Respondents to be the basis for Petitioner's removability is Petitioner's April 3, 2025, conviction for discharging a firearm. See Supp. Notice at 3. It is clear that this single conviction does not qualify as "two or more crimes involving moral turpitude," 8 U.S.C. § 1227(a)(2)(A)(ii), nor a violation of a law "relating to a controlled substance[.]" 8 U.S.C. § 1227(a)(2)(B).[1] Respondents cite no other statutory authority for Petitioner's removability and detention, nor do they offer explanation as to how these statutory provisions are applicable given

[1] Furthermore, Respondents have failed to provide any analysis whatsoever of the elements of Petitioner's underlying conviction and have, in any case, failed to meet their burden to demonstrate Petitioner's removability under 8 U.S.C. § 1182(a)(2). See Coronado v. Holder, 759 F.3d 977, 985 (9th Cir. 2014) (explaining that the government may meet their burden to show a noncitizen is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) through "charging document[s], the terms of a plea agreement, the transcript of colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, and comparable judicial records").

Petitioner's underlying conviction. See generally Supp. Notice. Thus, the Court finds that Respondents have failed to show that Petitioner's continued detention is lawful.[2]

Under 28 U.S.C. § 2243, "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Id. In this instance, because Federal Respondents have failed to name a statutory provision that properly governs Petitioner's detention, the Court forthwith issues the writ.

Petitioner requests relief in the form of immediate release to remedy his unlawful detention in Respondents' custody. Because Respondents do not assert any applicable removability—and thereby, detention—provisions that authorize Petitioner's detention, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## II. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 9) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **September 10, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. However, Petitioner is still subject to, and must comply with, the release conditions set forth in his state case.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, upon his release.

---

[2] Because the Court finds that Respondents have not justified Mr. Salas Cardiel's detention as a matter of statute, it does not reach Petitioner's due process arguments at this time. See Pet'r's First Am. Pet., ECF No. 9 at 9–16 (August 10, 2026). However, the Court reserves the right to rule upon these arguments at a later date as may be necessary.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **September 11, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** September 9, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**